UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-390-GWU

DORA MILLS, Administratix of the Estate
of JIMMY MILLS
O.B.O. JIMMY MILLS,                                              PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.


## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment and the plaintiff's motion to remand.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

1

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and

06-390  Mills

Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

3

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

06-390  Mills

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d

279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Jimmy Mills, was found by an administrative law judge (ALJ) to have a "severe" impairment due to "mild" chronic obstructive pulmonary disease. (Tr. 18).  Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Mills retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits.  (Tr. 19-21).  The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age of 51, "limited" education, and work experience as a loader operator could perform any jobs if he was capable of work at all exertional levels, but required an occupation that did not involve exposure to concentrated dust, fumes, smoke, temperature, or humidity extremes.  (Tr. 236).  The VE responded that, although the individual would not be capable of performing the plaintiff's past relevant work, there were other jobs that he could perform, and proceeded to give the numbers in which they existed in the state and national economies.  (Tr. 236-7).

06-390 Mills

X     On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

The plaintiff alleged disability due to heart problems, chest pain, breathing difficulty, and sleep apnea. (Tr. 61). He testified that he had not performed any work in the past ten years (Tr. 217) although he alleged an onset date of January 1, 2000 (Tr. 61). In any case, he would not have been eligible for SSI benefits prior to the filing date of his SSI application, February 13, 2004 (Tr. 48).

Medical evidence from January, 2000 showed that the plaintiff was evaluated for atrial fibrillation, and some of his existing medications were changed. (Tr. 145). His cardiologist, Dr. A. Krishna, noted in September that a myocardial infarction had been ruled out by serial enzymes and EKGs, and an echocardiogram was normal. (Tr. 130). No functional restrictions are suggested. An episode of stomach bleeding in November, 2001 resulted in an EGD examination which showed no active bleeding and apparently no functional restrictions were given.

The plaintiff's treating family physician, Dr. Steven Morton, submitted sparse office notes which are almost completely illegible. (Tr. 105-9). Dr. Morton did refer his patient for a sleep study in March, 2004, and this was interpreted as showing severe obstructive sleep apnea. (Tr. 110). However, the plaintiff testified that he could not afford the CPAP mask which had been recommended. (Tr. 226). Dr. Morton submitted a physical medical assessment dated October 21, 2005 stating that his patient's condition would prevent him from lifting ten pounds without pain,

that he would have an unspecified restriction on standing and walking, could sit only one hour per day, could "never" perform any postural activities and would have restrictions on pushing, pulling, hearing, speaking, and would have restrictions on working around heights and moving machinery and in the presence of pulmonary irritants.  (Tr. 187-90).  The reasons given for the restrictions were lumbar disc disease, severe bilateral knee pain, and bilateral shoulder pain.  (Tr. 187-9).  The physician added that "Jimmy has chronic [obstructive] lung disease [and gets] short of breath [with] any activity."  (Tr. 190).

The ALJ rejected Dr. Morton's restrictions due to lack of supporting evidence. He noted that Dr. Jules Barefoot conducted a consultative physical examination of the plaintiff on September 29, 2004 and found essentially no abnormalities apart from a weight of 224 pounds.  (Tr. 112).  Although Dr. Morton had cited severe lumbar disc disease and knee pain, Dr. Barefoot's testing showed a full range of motion of the spine and all of the joints, as well as a normal gait.  (Tr. 113). Pulmonary function testing showed only a mild expiratory obstruction, and the plaintiff continued to smoke. (Tr. 111, 113). Dr. Barefoot indicated that Mr. Mills was able to sit, stand, move about, lift, carry, and handle objects and was able to hear, see, speak, and understand normal conversational speech.  (Tr. 113).

Under the circumstances of this case, with the treating physician providing essentially no objective evidence to support his diagnoses, and a consultative examination finding few abnormalities, the ALJ could reasonably have chosen to

reject the treating physician's opinion. Moreover, the plaintiff does not challenge the lack of greater physical restrictions on appeal.

The plaintiff does contend that the ALJ erred in failing to find his borderline intellectual functioning to be a "severe" impairment, pointing to testing by Dr. Kenneth Starkey, a psychologist, which showed a verbal IQ of 80, a performance IQ of 73, and a full scale IQ of 75. (Tr. 201). Dr. Starkey diagnosed borderline intellectual functioning. (Tr. 203). He also administered achievement testing which showed "moderate" deficits in reading and significant deficits in spelling. (Tr. 202). The plaintiff cites a Sixth Circuit finding in the case of <u>Salmi v. Secretary of Health and Human Services</u>, 774 F.2d 685, 693 (6th Cir. 1985) that an IQ below 80 was a "severe" mental impairment.

While it does not appear that <u>Salmi</u> has been overruled, the Sixth Circuit recognized in a subsequent unpublished case that <u>Salmi</u> had been partially based on Social Security Ruling 82-55, which had been subsequently rescinded. <u>Colwell v. Chater</u>, 98 F.3d 1341 (6th Cir. 1996). The <u>Colwell</u> court also noted that the holding in <u>Salmi</u> was partially based on indications throughout the record that Salmi had not been able to function in a working environment. In the present case, Mr. Mills did not identify any educational reasons for not working, and told Dr. Starkey that "I got laid off and I just never went back to work," although he had worked successfully at a coal mine from 1974 to 1986 and appeared to have steady employment prior to 1995. (Tr. 199). Moreover, the mere diagnosis of a condition

does not establish functional limitations. Young v. Secretary of Health and Human Services, 925 F.2d 146, 151 (6th Cir. 1990). Although Dr. Starkey diagnosed borderline intellectual functioning, he also opined that Mr. Mills would have a "limited but satisfactory" or better ability to make all occupational, performance, and personal/social adjustments except for understanding, remembering, and carrying out complex job instructions. (Tr. 205-6). The VE specified that the "light" level jobs which he identified were at the unskilled level. Therefore, there does not appear to be any clear inconsistency between the VE's testimony and psychologist's conclusions.

The plaintiff also raises the issue of deficits in reading and spelling. The plaintiff testified that he could not read more than small words, took an oral driver's license test, and also had poor mathematics skills (Tr. 228-9). Dr. Starkey's achievement testing also showed low reading and spelling scores, although these were not equated to school grades as in the Commissioner's Regulations. (Tr. 202). 20 C.F.R Section 416.964(b)(1) states that a person is considered to be illiterate if he cannot read or write a simple message such as instructions or inventory lists. The plaintiff's testimony was that he was able to write a simple sentence, that he could write a "little" and could count money slowly. (Tr. 229). Although it is likely that his literacy was lower than the "limited" education presented in the hypothetical question, it is not clear that this discrepancy, if established, would prevent the

06-390  Mills

performance of the unskilled jobs identified by the VE, and the plaintiff presents no evidence on this issue.¹

Finally, counsel for the plaintiff indicates in his brief that Mr. Mills passed away on July 26, 2006, after the Appeals Council issued its decision, and requests a remand "to give the Court the opportunity to review any medical evidence which could have related to the death of the plaintiff." He does not specifically request a remand for the consideration of new and material evidence under 42 U.S.C. Section 405(g), but assuming that this was his intention, no showing has been made of the cause of death or how it might be related to his disability claim. Accordingly, the request for a remand must be denied.

The decision will be affirmed.



Signed By:
G. Wix Unthank
United States Senior Judge

---

¹In a recent unpublished case, Potter v. Commissioner of Social Security, No. 06-5988 (6th Cir. May 8, 2007), the Sixth Circuit found that an incorrect educational level in a hypothetical question did not necessitate a remand because the plaintiff's educational level was "not material to the ultimate conclusion that she was not disabled." Slip op. at 8. The Court noted that "Potter does not offer any connection between her level of formal schooling and the evidence that she performs simple, unskilled tasks too slowly and exercises poor judgment." Slip. op. at 9. In the present case, the plaintiff's allegations of inability to work were focused exclusively on physical limitations, making the issue of his educational level less critical than in many other cases.